UNITED STATES of America,
Plaintiff–Appellee,

v.

Kajo HOLLIDAY, Defendant–
Appellant.

No. 02–10488.
D.C. No. CR–01–01030–FJM.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted On Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM**

Kajo Holliday appeals his 63–month sentence imposed following a jury conviction for involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153. He raises four challenges to his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Holliday contends that the district court erred by imposing a two-level increase for obstruction of justice, pursuant to USSG § 3C1.1 merely because the district judge found Holliday's testimony not credible, and that the district court failed to make the findings necessary to merit such an increase. He is mistaken on both points. *See United States v. Dunnigan*, 507 U.S. 87, 95–96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (upholding sentence enhancement under U.S.S.G. § 3C1.1 where sentencing court found that the defendant was untruthful at trial with respect material matters and numerous witnesses contradicted the defendant on facts of which she could not have been mistaken); *United States v. Oplinger*, 150 F.3d 1061, 1070 (9th Cir. 1998) ("although 'it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding,' this in no way is required. [citation omitted] It is sufficient for the district court to make a finding of an obstruction of justice that encompasses the factual predicate for a finding of perjury.")

Second, Holliday contends that the district court erred by finding that his conduct was "reckless." The record supports the district court's conclusion. *See* U.S.S.G. § 2A1.4(a), cmt. n. 1 (2002) ("Reckless" refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation ... all, or nearly all, convictions for involuntary manslaughter under 18 U.S.C. § 1112 are reckless).

Third, Holliday contends that the district court erred in departing upward two levels pursuant to U.S.S.G. § 5K2.1 because a death resulted. He is mistaken. The district court properly departed upward because of the vicious and unprovoked nature of the assault. *See* U.S.S.G. § 5K2.1 (stating it is appropriate for a sentencing court to consider the means by which the life was taken).

Finally, Holliday contends that the district court erred in denying him a downward departure for being a minor participant pursuant to U.S.S.G. § 3B1.2(b). The record supports the district court's finding that appellant was a major participant in the assault, and therefore was not entitled to a downward departure. *See* U.S.S.G. § 3B1.2(b); *see also United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994) (noting that "[t]his court has consistently stated that a downward adjustment under section 3B1.2 is to be used

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

infrequently and only in exceptional circumstances").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.